**KATZ BANKS KUMIN LLP**
Rebecca Peterson-Fisher (State Bar No. 255359)
235 Montgomery Street, Suite 665
San Francisco, CA 94104
Tel: (415) 813-3260
Fax: (415) 813-2495
Email: peterson-fisher@katzbanks.com

Jessica Westerman (*pro hac vice* application *forthcoming*)
11 Dupont Circle, Suite 600
Washington, D.C. 20036
Tel: (202) 299-1140
Fax: (202) 299-1148
Email: westerman@katzbanks.com

**THE VILLEGAS LAW FIRM, APC**
Virginia Villegas (State Bar No. 179062)
1388 Sutter Street, Suite 903
San Francisco, CA 94109
Tel: (415) 989-8000
Fax: (415-989-8028
Email: virginia@e-licenciados.com

**COMMUNITY LEGAL SERVICES IN EAST PALO ALTO**
Jennifer Smith (State Bar No. 319852)
1861 Bay Road
East Palo Alto, CA 94303
Tel: (650) 204-9065
Fax: (866) 688-5204
Email: jsmith@clsepa.org

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

ELEAZAR HERRERA, on behalf of all those similarly situated to him,

Plaintiffs,

vs.

ONTRAC LOGISTICS, INC., a Delaware corporation; JESUS FERNANDO GONZALEZ, an individual; LEONARDO CIDRAO DE ARAUJO, an individual; and DOES 1 THROUGH 100, inclusive,

Defendants.

**Case No.: 3:25-CV-00022-RFL**

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE, WAGE ORDERS, PRIVATE ATTORNEYS GENERAL ACT, AND BUSINESS AND PROFESSIONS CODE**

Complaint Filed:  October 15, 2024
Removed:            January 2, 2025

1    Plaintiff Eleazar Herrera, on behalf of himself and all others similarly situated, hereby files

2    this Class and Representative Action Complaint against Defendants OnTrac Logistics, Inc.

3    ("OnTrac"); Jesus Fernando Gonzalez, an Individual; Leonardo Cidrao De Araujo, an Individual;

4    and Does 1 through 100 (hereinafter referred to collectively as "Defendants").

5                                        **INTRODUCTION**

6        1.    This is a class action for damages, penalties, and injunctive relief on behalf of

7    delivery drivers who were misclassified as independent contractors and required to incur

8    significant business expenses without reimbursement, required to work overtime hours without

9    overtime premium pay, not provided with legally-compliant meal and rest breaks, not provided

10   with accurate wage statements, and not paid all wages owed upon separation from employment, in

11   violation of California law and the applicable Wage Orders.

12       2.    OnTrac is a last-mile parcel delivery service that delivers packages to residential

13   customers across 35 states, including California, and Washington, D.C.  According to publicly

14   available information, OnTrac is a transcontinental delivery service which operates a "hub-and-

15   spoke" network of more than 102 locations and 18 sort centers throughout the United States.

16   OnTrac hires individuals, such as Defendants Gonzalez and Cidrao De Araujo, to oversee the

17   employees, such as Plaintiff, who scan, sort, load, and deliver OnTrac's packages ("delivery

18   drivers" or "drivers").  OnTrac delivery drivers nationwide routinely deliver packages that originate

19   out-of-state and travel in interstate commerce.

20       3.    Plaintiff was a non-exempt hourly employee who worked for Defendants Gonzalez

21   and Cidrao De Araujo as a delivery driver at OnTrac's South San Francisco sort center and

22   throughout his assigned delivery areas, including Richmond, CA, and San Francisco, CA.  Through

23   his employment, Plaintiff routinely delivered packages which originated out-of-state and traveled in

24   interstate commerce.

25       4.    Throughout his employment with Defendants Gonzalez and Cidrao De Araujo,

26   Plaintiff was jointly employed by OnTrac.  OnTrac exercises extensive and continuous control over

27   the manner in which delivery drivers conduct their work, the terms and conditions of their

28

employment, and their work conditions.  OnTrac's control includes, but is not limited to, determining delivery areas to be assigned to drivers or groups of drivers, effectively determining their work assignments and daily schedules; requiring drivers to lease vans bearing the OnTrac logo or to display the OnTrac logo on their personal vehicles; requiring drivers to purchase and wear OnTrac uniforms; requiring drivers to scan packages using a scanner rented to delivery drivers connected to OnTrac's system, and/or to purchase a telephone and application to scan packages and map and track package deliveries; processing driver job applications; hiring and firing drivers; and controlling drivers' ability to take meal and rest breaks.

5.      Defendants Gonzalez and Cidrao De Araujo are responsible for overseeing various aspects of delivery drivers' work, including but not limited to recruiting and supervising drivers; enforcing OnTrac's directives, including but not limited to that drivers wear OnTrac uniforms, drive OnTrac vans, and/or display the OnTrac logo on their personal vehicles; and taking corrective action where deemed necessary.  Defendants Gonzalez and Cidrao De Araujo report to OnTrac.

6.      Plaintiff alleges that Defendants violated the Labor Code, the Industrial Welfare Commission ("IWC") Wage Order 9-2001, and the Business and Professions Code §§17200, *et seq.* ("Unfair Competition Law" or "UCL").

7.      Plaintiff seeks full compensation on behalf of himself and all others similarly situated for all unpaid wages, unpaid overtime, denied or non-compliant meal periods, denied or non-compliant rest periods, inaccurate wage statements, and waiting time penalties.  Plaintiff further seeks penalties on behalf of himself and the proposed Class for Defendants' violations of the Labor Code and IWC Wage Order 9-2001.  Plaintiff also seeks declaratory and injunctive relief, including restitution.  Finally, Plaintiff seeks reasonable attorneys' fees and costs under the Labor Code and Code of Civil Procedure § 1021.5.

## **PARTIES**

8.      Plaintiff Eleazar Herrera was employed by Defendants Gonzalez and OnTrac from approximately 2018 to June 2022 and by Defendants Cidrao De Araujo and OnTrac from approximately July 2022 to September 2023 as a delivery driver at OnTrac's South San Francisco

1   sorting center located at 250 Utah Street, South San Francisco, CA 94080.  Plaintiff is a resident of
2   San Francisco County, California.  At all relevant times, he was an "employee" as that term is used
3   in the California Labor Code and in IWC Wage Orders regulating wages, hours, and working
4   conditions.

5          9.      Defendant OnTrac is a corporation headquartered in Delaware that does business in
6   the State of California.  OnTrac is and was engaged in the business of last-mile parcel delivery.

7          10.     Defendant Jesus Fernando Gonzalez is an individual who does business in the State
8   of California.  Defendant Gonzalez is and was engaged in the business of last-mile parcel delivery.

9          11.     Defendant Cidrao De Araujo is an individual who does business in the State of
10  California.  Defendant Cidrao De Araujo is and was engaged in the business of last-mile parcel
11  delivery.

12         12.     Defendants have done business under the laws of California, have had places of
13  business in California, and have employed Class Members, including Plaintiff, to perform job
14  duties in this judicial district.  They are "persons" as defined in California Labor Code § 18 and
15  California Business and Professions Code § 17201.  They are also "employers" as that term is used
16  in the California Labor Code and the IWC Wage Orders regulating wages, hours and working
17  conditions.  As employers of Plaintiff and the Class throughout the relevant time period,
18  Defendants, and each of them, are either solely or jointly and severally liable for back pay and
19  other economic damages and statutory penalties owed to Plaintiff and the Class and to the Labor
20  Workforce Development Agency ("LWDA").

21         13.     On information and belief, Defendants are liable to Plaintiff and the Class as joint
22  employers.  Defendants are all jointly and severally liable for the back pay and other economic
23  damages, including statutory penalties, owed to Plaintiff and Class Members under common law
24  and by statute.

25         14.     Throughout this Complaint, any reference to "Defendants" is intended to refer to all
26  named Defendants jointly and to all Doe defendants who are entities involved in last-mile parcel
27  delivery for OnTrac.

28

- 3 -

**JURISDICTION**

15.    This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid straight-time, overtime, and double time wages; for meal and rest period violations; for failure to provide accurate wage statements; for failure to maintain time and payroll records; for unreimbursed necessary business expenditures; for waiting time penalties; and for applicable penalties pursuant to the California Labor Code, including Cal. Lab. Code §§ 210, 225.5, 226.3, 226.8, 558, 1174.5, 1197.1, 1199, 2802, and subsection 20 of IWC Wage Order 9-2001.

16.    This Court has jurisdiction over Plaintiff's and the Class Members' claims for injunctive relief, including restitution of earned wages and benefits, which are the money and property of Plaintiff and the Class Members, arising from Defendants' unfair competition under Business & Professions Code §§ 17203 and 17204.

**VENUE**

17.    Venue as to Defendants is proper in Contra Costa County pursuant to California Code of Civil Procedure §§ 395(a) and 395.5.  Defendants employed Plaintiff to perform job duties in Contra Costa County, such that Contra Costa County is the county in which his employment contract was to be performed.  Moreover, Plaintiff was injured in Contra Costa County in that he was required to make unreimbursed business expenditures and denied legally-compliant meal and rest breaks in Contra Costa County.

**FACTUAL ALLEGATIONS**

18.    Defendants hired Plaintiff and Class Members to scan, sort, and load packages at OnTrac sort centers, then deliver those packages to OnTrac customers within a designated delivery area.  Plaintiff and Class Members generally worked at least 5 days per week for 10 to 13 hours per day, and routinely delivered packages that originated out-of-state and traveled in interstate commerce.

19.    As OnTrac states on its website, "[t]he OnTrac delivery network serves 35 states and Washington, D.C." *See* https://www.ontrac.com/ (accessed Jan. 21, 2025).

20.    According to OnTrac's website, OnTrac provides "faster, reliable residential e-commerce parcel delivery" by "helping leading retailers and direct-to-consumer brands with faster, reliable last-mile delivery solutions[.]" *See* https://www.ontrac.com/residential-e-commerce-delivery/ (accessed Jan. 21, 2025).

21.    According to OnTrac's website, OnTrac "is the first transcontinental carrier of choice for last-mile e-commerce deliveries that helps shippers build a competitive advantage through faster delivery times, lower costs, coast-to-coast coverage, and reliable on-time performance," and "shippers can take advantage of [their] coast-to-coast network. *Id.*

22.    According to OnTrac, it partners with "some of the world's largest retailers" and its "Brands You Know" including Temu, Lulus, SavageFenty, Shein, Fabletics, The RealReal, Hot Topic, Nuts.com, and Bodybuilding.com. *See* https://www.ontrac.com/ (accessed Jan. 21, 2025) & https://www.ontrac.com/residential-e-commerce-delivery/ (accessed Jan. 21, 2025).

23.    OnTrac last-mile delivery drivers routinely deliver packages to customers that were originally shipped from outside the states the drivers are delivering to.

24.    But for the work of OnTrac last-mile delivery drivers, the packages they handle which have been sent through interstate commerce would not reach their final destination.

25.    Plaintiff and Class Members, like OnTrac last-mile delivery drivers nationally, routinely deliver packages to customers that were originally shipped from outside the state of California.

26.    According to OnTrac, it "help[s] retailers and shippers meet their customers' expectations of fast, reliable last-mile delivery, while helping them save money, ensure capacity, and build flexibility within their supply chains." *See* https://www.ontrac.com/faq/ at "Why do companies ship with OnTrac?" (accessed Jan. 21, 2025).

27.    According to OnTrac, their "hub-and-spoke delivery network reaches 70% of the U.S. population across 35 states and Washington, D.C. and enhances shippers' ability to meet growing demand in the consumer e-commerce delivery market. *Id.*

28.     Plaintiff's partner often assisted him in performing his job duties, even though she was not directly contracted by OnTrac or its agents.  Other delivery drivers likewise were assisted by members of their own families, some of whom were minors, in performing their job duties.  Defendants were aware delivery drivers' family members assisted them with their work and suffered and permitted those family members to perform work for Defendants.

29.     Defendants typically paid Plaintiff and Class Members either a daily rate plus an additional amount per delivery stop, or no daily rate and higher amount per stop.  Plaintiff was paid $1.75 per package delivered when employed by Defendants Gonzalez and OnTrac, and a base rate of $150.00 per day and $1.19 per package delivered when employed by Defendants Cidrao De Araujo and OnTrac.  Plaintiff's partner and the other adult and minor family members who assisted delivery drivers in performing their duties did not receive any compensation at all for their work.

30.     Defendants were and are responsible for controlling the terms and conditions of Plaintiff's and the Class Members' employment and for directing and supervising their work.

31.     During the relevant statutory period, Plaintiff and Class Members were non-exempt employees of Defendants who worked hours constituting both regular "straight-time" hours and "overtime" hours as those terms are defined in the California Labor Code and IWC Wage Order 9-2001.  Plaintiff and Class Members worked these hours with Defendants' knowledge, consent, and acquiescence, performing tasks that were assigned to them.

32.     At all times relevant herein, Defendants voluntarily and knowingly misclassified Plaintiff and continue to misclassify other similarly situated delivery drivers as independent contractors for the purpose of evading their legal obligations as employers.

33.     Defendants require drivers to pay for package insurance for the purpose of covering losses to OnTrac in the event of package theft from delivery vehicles.

34.     Once a driver is hired, Defendants control all aspects of their work.  For example, Defendants assign a delivery area to the driver and require them to deliver all of their assigned packages before finishing work for the day, effectively determining the driver's work schedule.

1    Defendants also require drivers to sort the packages assigned to them on-site at the OnTrac sorting

2    center.

3        35.    Defendants require drivers to pay rent for proprietary devices to scan packages

4    and/or to purchase a telephone to scan packages and pay for an application to map and track

5    package deliveries.  Defendants Gonzalez and OnTrac required Plaintiff to pay approximately $100

6    per month to rent a scanner and/or a telephone, which was deducted from his pay. When Plaintiff

7    worked for Cidrao De Araujo, Plaintiff paid approximately $350 to $400 to purchase a telephone to

8    scan packages and paid approximately $12 per month for the mapping application.

9        36.    Defendants require drivers either to use a scanner which connects to OnTrac's

10   software system or to purchase a telephone to scan packages and an application to map and track

11   deliveries.

12       37.    Plaintiff and Class Members were required to deliver every package they picked up

13   in the morning on the same day, typically over 200 packages.  Upon information and belief, the

14   OnTrac package-scanning app "closes" at 8:00 pm, making it impossible for drivers to log

15   deliveries made after that time.

16       38.    Due to the time pressure to complete their routes determined by Defendants, Plaintiff

17   and other delivery drivers were unable to take legally-compliant meal and rest breaks and/or were

18   discouraged from taking legally-compliant meal and rest breaks because of the time pressure to

19   finish the delivery of packages.

20       39.    Defendants require drivers who do not have their own delivery vehicles to rent vans

21   bearing the OnTrac logo and/or rent vehicles that had to bear a magnetic OnTrac logo from

22   Defendants and use them to deliver their assigned packages.  Defendants Gonzalez and OnTrac

23   required Plaintiff to pay $200 weekly to rent a van to use for deliveries.

24       40.    Defendants require drivers to purchase OnTrac uniforms and wear them while

25   performing their jobs.

26

27

28

41.    Drivers' job responsibilities—delivering packages from sorting centers to customers—are at the core of Defendants' business, that is, delivering packages to residential customers.

42.    OnTrac drivers do not need any special skills other than driving and/or the ability to deliver parcels to perform their jobs.  Given the number of days and hours per week they work for Defendants, drivers generally cannot and do not perform work for other entities.

43.    Defendants require drivers to pay for their own gas, vehicle maintenance and repairs, vehicle insurance, and package insurance and do not reimburse them for these amounts.  For drivers who have their own delivery vehicles, Defendants additionally do not reimburse them for mileage.

44.    Defendants failed to maintain complete and accurate time records for Plaintiff and other delivery drivers.  Plaintiff and other delivery drivers were not provided wage statements which set forth their hours worked or their rates, and the records of the deliveries they made were often missing stops, which meant Plaintiff and other delivery drivers were not paid at all for some deliveries and therefore were not paid for all time worked.

45.    At the South San Francisco sorting facility, OnTrac employs a warehouse operations manager, Jude [last name unknown], who has authority over Defendant Gonzalez, Cidrao De Araujo and all delivery drivers.  OnTrac exercises control over the wages, hours, and working conditions of Plaintiff and other drivers not only through its contractual relationships with Defendants Gonzalez and Cidrao De Araujo and other subcontractors, but also through physical oversight of their operations.  Moreover, OnTrac's warehouse operations manager exercises direct control over hiring decisions.  After Plaintiff's employment was terminated by Defendant Gonzalez, before Defendant Cidrao De Araujo could hire Plaintiff, Plaintiff and Defendant Cidrao De Araujo were required to meet with OnTrac's warehouse operations manager to discuss the previous termination.  Defendant Cidrao De Araujo lacked the authority to hire Plaintiff without OnTrac's approval and hired Plaintiff only after authorized to do so by OnTrac's warehouse operations manager.  Upon information and belief, OnTrac employs warehouse operations managers in all of

1  its sorting facilities in California who similarly exercise oversight over subcontractors and delivery

2  drivers, including control over hiring decisions.

3      46.    Between 2013 and 2022, OnTrac defended against class and group claims by then-

4  current and former delivery drivers in California for, among other things, misclassifying them as

5  independent contractors and failing to pay them the minimum wage, failing to pay them overtime,

6  and failing to provide meal and rest periods. *Thomas Lewis v. Express Messenger Systems, Inc.,*

7  *dba OnTrac*, Los Angeles County Superior Court Case No. BC501521; *Eliseo Leal v. Express*

8  *Messenger Systems, Inc., dba OnTrac*, Los Angeles County Superior Court Case No. BC509904.

9  OnTrac ultimately settled those claims for $10.5 million.

10     47.    In 2019, OnTrac, dba Express Messenger Systems, and Mr. Gonzalez were found to

11  have jointly employed delivery driver Juan Jose Reyes at the South San Francisco sorting center,

12  and to have misclassified him as an independent contractor after a trial in San Francisco Superior

13  Court.

14     48.    As of August 2024, at least four (4) wage claims have been filed against Defendant

15  Gonzalez with the California Department of Industrial Relations in the "Couriers and Express

16  Delivery Services" industry.

17     49.    Defendants have chosen despite these claims to continue to willfully misclassify

18  Plaintiff and the Class as independent contractors in order to avoid their obligations as employers,

19  including the cost of delivery vehicles and overtime premium pay.

20     50.    As a result of Defendants' pattern and practice of failing to pay the compensation

21  due to them, Plaintiff and members of the putative Plaintiff Class have been and continue to be

22  systematically deprived of the wages to which they are entitled by law, to the detriment of

23  themselves, their families, and Defendants' competitors, who face unfair competition as the result

24  of Defendants' unlawful business practices.

25                        **ALLEGATIONS FOR CLASS ACTION**

26     51.    Plaintiff brings this action on behalf of himself, and all others similarly situated

27  pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3). The Class that Plaintiff seeks to

28

represent is defined as follows:

> All individuals who are currently employed, or formerly have been engaged, suffered, or permitted to work delivering packages for OnTrac in California at any time from four years before the filing of this Complaint through the date of judgment in this action.

52.    This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because the class is so numerous that joinder is impracticable, there are questions of law and fact common to the class, the claims of the representative party are typical of the claims of the class, and the representative party will fairly and adequately represent the interests of the class:

    a.   Numerosity:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  Upon information and belief, at least 150 delivery drivers are employed at the South San Francisco sorting facility and Defendant OnTrac operates additional sorting facilities in the State of California.

    b.   Commonality:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

        i.   Whether Defendants have violated and continue to violate the California Labor Code and applicable IWC Wage Orders;

        ii.   Whether Defendants have violated California Labor Code § 226.8 by willfully misclassifying Plaintiff and the Class as independent contractors;

        iii.   Whether Defendants have violated California Labor Code §§ 204 and 1194 by failing to pay Plaintiff and other members of the proposed Class the applicable straight-time rates for all regular (non-overtime) hours worked;

iv. Whether Defendants have violated Section 3 of IWC Wage Order 9-2001 and California Labor Code § 510 by failing to pay Plaintiff and other members of the proposed Class who worked in excess of forty (40) hours per week and/or eight (8) hours a day the applicable overtime premium rates for all overtime hours worked;

v. Whether Defendants' time keeping policies and practices have violated the California Labor Code and/or the California Unfair Competition Law by failing to accurately record the actual hours worked, including the start and end time for each workday, meal periods, and total daily hours worked by Plaintiff and the Class in violation of California Labor Code §§ 226 and 1174, and the IWC Wage Orders;

vi. Whether Defendants have violated Labor Code § 2802 by failing to reimburse or indemnify employees for their uniforms, device rent, gas, vehicle repairs, vehicle insurance, package insurance, mileage, and other business-related expenses they have incurred in the course of performing their jobs;

vii. Whether Defendants have engaged in a continuing policy, pattern, or practice of denying their non-exempt hourly employees the bona fide meal and rest periods to which they are entitled in violation of California Labor Code §§ 226.7 and 512 and IWC Wage Order 9-2001;

viii. Whether Defendants have violated California Labor Code §§ 201-203 by failing to pay delivery drivers the wages owed to them upon termination or quit;

ix. Whether Defendants' payroll policies and practices have violated the California Labor Code, applicable Wage Orders, and/or the California Unfair Competition Law by resulting in the provision of wage statements that do not accurately reflect employee earnings and/or other items listed

in California Labor Code § 226 and applicable Wage Orders;

    x. Whether Defendants have violated California Labor Code § 204, by failing to pay delivery drivers their wages at least twice during each month on days designated in advance by the employer;

    xi. Whether Defendants' policies and practices have constituted unlawful, unfair, or fraudulent business practices in violation of California Unfair Competition Law;

    xii. Whether Defendants violated the California Private Attorneys General Act of 2004 (Labor Code § 2698, *et seq.*) based on the same or similar facts and/or claims alleged in the PAGA letter sent to the LWDA by Plaintiff prior to the Action, as well as any claims that could have been pled under the California Labor Code and California Industrial Welfare Commission Wage Orders; and

    xiii. The proper formula for calculating restitution, damages, and waiting time penalties owed to Plaintiff and the Class as alleged herein.

c. Typicality: Plaintiff's claims are typical of the claims of the Class. Defendants' common policies, practices, and course of conduct are in violation of the law as alleged herein and have caused Plaintiff and the Class to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d. Adequacy: Plaintiff is a member of the Class, does not have a conflict of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex employment class action litigation.

e. Superiority: The nature of this action and the nature of laws available to Plaintiff make use of the class action format the superior and appropriate procedure to

1    afford relief for the wrongs alleged herein.  Individual joinder of all the members

2    of the Class is not practicable, and questions of law and fact common to the Class

3    predominate over any questions affecting only individual members of the Class.

4    Each member of the Class has been damaged and is entitled to recovery by

5    reason of Defendants' illegal policies and/or practices.  Class action treatment

6    will allow those similarly situated persons to litigate their claims in the manner

7    that is most efficient and economical for those parties and the judicial system.

8    f.    Injunctive Relief:  Defendants have acted or refused to act on grounds that apply

9    generally to the class, so that final injunctive relief or corresponding declaratory

10   relief is appropriate respecting the class as a whole.

11   **<u>FIRST CAUSE OF ACTION</u>**

12   **Failure to Pay Minimum Wages Due**

13   **(California Labor Code §§ 204 and 1194)**

14   **(Against all Defendants on behalf of Plaintiff and the Class)**

15   53.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

16   forth herein.

17   54.    California Labor Code § 204(a) provides that wages for all work performed must be

18   paid "twice during each calendar month, on days designated in advance by the employer as the

19   regular paydays."

20   55.    California Labor Code § 1194(a) provides as follows:

21   Notwithstanding any agreement to work for a lesser wage, any employee receiving less than
     the legal minimum wage or the legal overtime compensation applicable to the employee is
22   entitled to recover in a civil action the unpaid balance of the full amount of this minimum
     wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and
23   costs of suit.

24   56.    California Labor Code § 200 defines "wages" as "all amounts for labor performed by

25   employees of every description, whether the amount is fixed or ascertained by the standard of time,

26   task, piece, commission basis, or other method of calculation."

27   57.    Defendants paid Plaintiff and Class Members per stop, at times in addition to a daily

28

1    base rate and at times not, rather than the applicable minimum wage for all the hours they worked.

2    In addition, Defendants failed to pay Plaintiff and Class Members for all deliveries completed.  As a

3    result, Defendants deny Plaintiff and the Class compensation for all hours worked, including

4    minimum wages.

5        58.    Defendants have knowingly and willfully refused to perform their obligations to

6    provide Plaintiff and the Class with compensation for all time worked as required by California law.

7    Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and

8    deliberate intention of injuring Plaintiff and the Class, with improper motives amounting to malice,

9    and in conscious disregard of the rights of Plaintiff and the Class.  Plaintiff and the Class are thus

10   entitled to recover nominal, actual and compensatory damages in amounts according to proof at

11   time of trial.

12       59.    As a proximate result of the aforementioned violations, Defendants have damaged

13   Plaintiff and the Class in amounts to be determined according to proof at the time of trial, but in an

14   amount in excess of the jurisdictional requirements of this Court.

15       60.    California Labor Code § 1194.2(a) provides as follows:

16       In any action under Section [1194] to recover wages because of the payment of a wage less
         than the minimum wage fixed by an order of the commission or by statute, an employee
17       shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully
         unpaid and interest thereon.
18

19       61.    Defendants are liable to Plaintiff and the Class for the unpaid compensation with

20   interest thereon, as well as liquidated damages in an amount equal to the unpaid compensation with

21   interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set

22   forth below.

23       62.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

24

25

26

27

28

1

## SECOND CAUSE OF ACTION

2

**Failure to Pay Overtime & Double Time Wages**

3

**(California Labor Code § 510; IWC Wage Order 9-2001)**

4

**(Against all Defendants on behalf of Plaintiff and the Class)**

5    63.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

6  forth herein.

7    64.    California Labor Code § 510(a) provides as follows:

8    Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in
     one workday and any work in excess of 40 hours in any one workweek and the
9    first eight hours worked on the seventh day of work in any one workweek shall be
     compensated at the rate of no less than one and one-half times the regular rate of
10   pay for an employee.  Any work in excess of 12 hours in one day shall be
     compensated at the rate of no less than twice the regular rate of pay for an
11   employee.  In addition, any work in excess of eight hours on any seventh day of a
     workweek shall be compensated at the rate of no less than twice the regular rate of
12   pay of an employee.  Nothing in this section requires an employer to combine more
     than one rate of overtime compensation in order to calculate the amount to be paid
13   to an employee for any hour of overtime work.

14

15   65.    IWC Wage Order 9-2001 Section 3(A)(1) states:

16   The following overtime provisions are applicable to employees 18 years of age or over and
     to employees 16 or 17 years of age who are not required by law to attend school and are not
17   otherwise prohibited by law from engaging in the subject work.  Such employees shall not
     be employed more than eight (8) hours in any workday or more than 40 hours in any
18   workweek unless the employee receives one and one-half (1 ½) times such employee's
     regular rate of pay for all hours worked over 40 hours in the workweek.  Eight (8) hours of
19   labor constitutes a day's work.  Employment beyond eight (8) hours in any workday or more
     than six (6) days in any workweek is permissible provided the employee is compensated for
20   such overtime at not less than:

21

22              (a) One and one-half (1 ½) times the employee's regular
                rate of pay for all hours worked in excess of eight (8) hours
23              up to and including 12 hours in any workday, and for the
                first eight (8) hours worked on the seventh (7th)
24              consecutive day of work in a workweek; and

25              (b) Double the employee's regular rate of pay for all hours
                worked in excess of 12 hours in any workday and for all
26              hours worked in excess of eight (8) hours on the seventh
                (7th) consecutive day of work in a workweek.

27

28

- 15 -

66.     California Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

67.     California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime and double time requirements, including those set forth above.

68.     Defendants did not compensate Plaintiff and the Class at the applicable overtime rate for hours worked in excess of eight hours per day or 40 hours per week, regardless of how many hours they worked.  As a result, Plaintiff and Class Members have worked overtime hours for Defendants without being paid overtime premiums in violation of the California Labor Code, IWC Wage Orders, and other applicable law.

69.     Defendants have knowingly and willfully refused to perform their obligations to provide Plaintiff and the Class with compensation for all premium wages for overtime work as required by California law.  As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Class in amounts to be determined according to proof at the time of trial, but in an amount in excess of the jurisdictional requirements of this Court.  Defendants are therefore liable to Plaintiff, on behalf of the Class, for the unpaid overtime and double time compensation with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

70.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**

**Failure to Provide Meal and Rest Periods**

**(California Labor Code §§ 226.7 and 512; IWC Wage Order 9-2001)**

**(Against all Defendants on behalf of Plaintiff and the Class)**

71.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

72.     At all times relevant herein, California Labor Code §§ 226.7 and 512 and IWC Wage Order 9-2001 prohibit employers from employing an employee for more than five hours without providing, authorizing, permitting, and/or making available a meal period of not less than thirty minutes in which the employee is completely relieved of all duties, and from employing an employee for more than ten hours per day without providing, authorizing, permitting, and/or making available a second meal period of not less than thirty minutes in which the employee is completely relieved of all duties.

73.     California Labor Code §§ 226.7 and 512 and IWC Wage Order 9-2001 also require employers to provide, authorize, permit, and/or make available to employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees during those rest periods.  Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal and/or rest period is counted as time worked under IWC Wage Order 9-2001.

74.     Under California Labor Code §226.7(b) and IWC Wage Order 9-2001, an employer that fails to provide, authorize, permit, and/or make available a required off-duty meal period must pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

75.     Defendants failed to provide, authorize, permit, and/or make available bona fide off-duty meal and rest periods to Plaintiff and the Class.  As a result, Plaintiff and Class Members are

1    entitled to the relief provided by California Labor Code § 226.7(b). Furthermore, Defendants

2    required Plaintiff and the Class to perform work-related activities during their meal and rest periods.

3    Consequently, Defendants have knowingly and willfully refused to perform their obligations to

4    provide, authorize, permit, and/or make available to Plaintiff and the Class the full meal and rest

5    periods to which they are entitled under California law. Defendants committed the acts alleged

6    herein with the wrongful and deliberate intention of injuring Plaintiff and the Class, with improper

7    motives amounting to malice, and in conscious disregard of the rights of Plaintiff and the Class. As

8    a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the

9    Class in amounts to be determined according to proof at the time of trial, but in an amount in excess

10   of the jurisdictional requirements of this Court. Plaintiff and the Class are thus entitled to recover

11   nominal, actual, and compensatory damages in amounts according to proof at time of trial.

12         76.    Defendants' conduct described herein violates California Labor Code §§ 226.7 and

13   512 and Wage Order 9-2001. Therefore, Plaintiff and the Class are entitled to the relief provided in

14   California Labor Code § 226.7(b) and Wage Order 9-2001, damages, restitution for the failure to

15   provide meal and rest periods, plus interest, applicable civil penalties, attorneys' fees, expenses and

16   costs of suit.

17         77.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

18                                   **FOURTH CAUSE OF ACTION**

19                **Failure to Reimburse for Necessary Business Expenditures**

20              **(California Labor Code §§ 2802 and 221; IWC Wage Order 9-2001)**

21                   **(Against all Defendants on behalf of Plaintiff and the Class)**

22         78.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

23   forth herein.

24         79.    California Labor Code § 221 provides that it shall be unlawful for any employer to

25   collect or receive any part of wages theretofore paid by said employer to said employee.

26         80.    California Labor Code § 2802 provides that an employer must reimburse an

27   employee for necessary expenditures and losses incurred by an employee in the direct consequence

28

1    of the discharge of his or her duties.

2        81.     Plaintiff alleges that, while acting on the direct instruction of Defendants and

3    discharging his duties for them, Defendants have required Plaintiff and members of the Class to

4    incur expenses relating to uniforms, device rent, gas, vehicle repairs, vehicle insurance, package

5    insurance, mileage, and other business-related expenses to perform tasks and/or discharge their job

6    duties for Defendants, without being reimbursed or indemnified for said expenses.

7        82.     Because of Defendants' failure to comply with the provisions of IWC Wage Order 9-

8    2001 and California Labor Code §§ 221 and 2802, Plaintiff and the Class have suffered damages.

9    Plaintiff and the Class seek reimbursement for the necessary expenditures they have incurred in

10   direct consequence of the discharge of their duties in an amount according to proof at time of trial,

11   with interest thereon, costs, applicable civil penalties and attorneys' fees pursuant to California

12   Labor Code § 2802.

13       83.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

14   ## FIFTH CAUSE OF ACTION

15   **Unpaid Wages and Waiting Time Penalties**

16   **(California Labor Code §§ 201-203)**

17   **(Against all Defendants on behalf of Plaintiff and the Class)**

18       84.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

19   forth herein.

20       85.     California Labor Code § 201(a) provides:

21       If an employer discharges an employee, the wages earned and unpaid at the time of
22       discharge are due and payable immediately.

23       86.     California Labor Code § 202 provides:

24       If an employee not having a written contract for a definite period quits his or her
         employment, his or her wages shall become due and payable not later than 72 hours
25       thereafter, unless the employee has given 72 hours previous notice of his or her intention to
         quit, in which case the employee is entitled to his or her wages at the time of quitting.

26

27

28

87.     Plaintiff and Class Members who left Defendants' employment within the statutory period are entitled to their earned wages.  As a result of Defendants' failure to pay members of the Class for all hours worked, including minimum wage, overtime and double time hours, and due to Defendants' failure to provide meal and rest periods and reimbursement for expenses, Defendants have willfully refused and continue to refuse to pay Plaintiff and Class Members all the wages that were due and owing to them upon termination of employment.  As a result of Defendants' actions, Plaintiff and the Class have suffered and continue to suffer substantial losses, including lost earnings and interest thereon.

88.     Defendants' willful failure to pay Plaintiff and Class Members the wages due and owing to them constitutes a violation of California Labor Code §§201 and 202.  As a result, Defendants are liable to Plaintiff and Class Members for all unpaid wages that should have been paid pursuant to California Labor Code §§ 201 and 202, plus interest thereon.

89.     California Labor Code § 203 provides that if an employer violates California Labor Code §§ 201 or 202, an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members who left Defendants' employment during the statutory period are entitled to waiting time penalties, plus interest thereon, pursuant to California Labor Code § 203.

90.     Plaintiff and the Class are entitled to an award of attorneys' fees and costs as set forth below.

91.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

### Failure to Provide Itemized Wage Statements

### (California Labor Code § 226)

### (Against all Defendants on behalf of Plaintiff and the Class)

92.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

- 20 -

93.    California Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

94.    California Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

95.    Plaintiff and the Class seek to recover actual damages, penalties, costs, and attorneys' fees and costs under this section.

96.    Defendants have failed and continue to fail to provide timely, accurate itemized wage statements to Plaintiff and the Class in accordance with California Labor Code § 226(a) and IWC Wage Order 9-2001.  Furthermore, the wage statements Defendants have provided to their employees, including to Plaintiff and the Class, do not accurately reflect the actual hours worked and wages earned.

97.    Defendants are liable to Plaintiff and the Class as alleged herein for the amounts described above, in addition to civil penalties, with interest thereon.  Furthermore, Plaintiff and the Class are entitled to an award of attorneys' fees and costs as set forth below.

98.      Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**<u>SEVENTH CAUSE OF ACTION</u>**

**Individual Liability for Labor Code Violations**

**(California Labor Code § 558.1)**

**(Against Defendants Gonzalez and Cidrao De Araujo on behalf of Plaintiff and the Class)**

99.      Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

100.     Labor Code § 558.1(a) provides for liability for an "other person acting on behalf of an employer[] who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission . . . or [Labor Code] Sections 203, 226, 226.7, 1193.6, 1194, or 2802."

101.     Labor Code § 558.1(b) provides that an "other person" is "a natural person who is an owner, director, officer, or managing agent" of an employer.

102.     Defendants Jesus Fernando Gonzalez and Leonardo Cidrao De Araujo violated or caused to be violated the provisions of IWC Wage Order 9-2001 governing wages or hours and days or work, as well as Labor Code §§ 203, 226, and/or 1194.

103.     Defendants Jesus Fernando Gonzalez and Leonardo Cidrao De Araujo are individually liable for the violations of IWC Wage Order 9-2001 and Labor Code §§ 203, 226, and 1194 alleged above because they are owners, directors, officers, or managing agents of the Defendant entities listed herein.

104.     Defendants Gonzalez and Cidrao De Araujo each caused the violation of Labor Code §§ 203, 226, 226.7, 1193.6, 1194, and 2802 by implementing and enforcing policies and procedures regarding compensation established by them and/or Defendant OnTrac, including but not limited to requiring delivery drivers to pay rent for vehicles and scanners, and to pay for their own vehicle insurance and gasoline costs, by requiring delivery drivers to work more than eight hours in a day or forty in a week without overtime premium pay, by failing to provide meal and rest breaks, failing to provide accurate wage statements, failing to maintain accurate time and payroll records, failing to

1    pay at least minimum wage for all hours worked, and failing to pay all wages due upon discharge.

2         105.    Plaintiff requests damages, injunctive relief, attorneys' fees and costs, interest, and

3    all penalties provided for by IWC Wage Order 9-2001 and Labor Code §§ 203, 226, and 1194.

4                            **EIGHTH CAUSE OF ACTION**

5         **Violation of California Business and Professions Code §§ 17200, *et seq.***

6            **(Against all Defendants on behalf of Plaintiff and the Class)**

7         106.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

8    forth herein.

9         107.    California Business and Professions Code §§ 17200 *et. seq.* (also referred to herein

10   as the "Unfair Competition Law" or "UCL") prohibits unfair competition in the form of any

11   unlawful, unfair or fraudulent business act or practice.

12        108.    California Business and Professions Code § 17204 allows a person injured by unfair

13   business acts or practices to prosecute a civil action for violation of the Unfair Competition Law.

14        109.    California Labor Code § 90.5(a) states it is the public policy of California to

15   vigorously enforce minimum labor standards in order to ensure employees are not required to work

16   under substandard and unlawful conditions, and to protect employers who comply with the law

17   from those who attempt to gain competitive advantage at the expense of their workers by failing to

18   comply with minimum labor standards.

19        110.    Beginning at an exact date unknown to Plaintiff, but at least since the date four (4)

20   years prior to the filing of this suit, Defendants have committed acts of unfair competition as

21   defined by the Unfair Competition Law by engaging in the unlawful, unfair and fraudulent business

22   practices and acts described in this Complaint, including, but not limited to violations of California

23   Labor Code §§ 201-204, 221, 226, 226.3, 226.7, 226.8, 510, 512, 558.1, 1194 and 2802, and

24   provisions of IWC Wage Order 9-2001.

25        111.    The violations of these laws and regulations, as well as of the fundamental California

26   public policies protecting workers and requiring payment of wages for all work performed,

27   providing workers with adequate meal and rest periods, and discouraging unfair labor practices,

28

1   serve as unlawful predicate acts and practices for purposes of Business and Professions Code

2   §§ 17200 *et. seq.*

3          112.    The acts and practices described above constitute unfair, unlawful and fraudulent

4   business practices, and unfair competition, within the meaning of Business and Professions Code

5   §§ 17200 *et. seq.*, in that, for the reasons set forth above, said acts and practices violate explicit

6   provisions of the California Labor Code and/or Wage Orders, including, without limitation, Wage

7   Order 9-2001.  Defendants have obtained a significant unfair competitive advantage over law-

8   abiding employers and competitors and engaged in unfair competition, through its acts and practices

9   of denying Plaintiff and the Class meal and rest periods, full compensation for all hours worked,

10  including overtime and double time compensation for overtime and double time hours worked,

11  compensation at or above the minimum wage, and reimbursement of expenses.

12         113.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff

13  and the Class have suffered a loss of money and property, in the form of unpaid wages, which are

14  due and payable to them.

15         114.    California Business and Professions Code § 17203 provides that a court may make

16  such orders or judgments as may be necessary to prevent the use or employment by any person of

17  any practice that constitutes unfair competition.  Injunctive relief is necessary and appropriate to

18  prevent Defendants from repeating its unlawful, unfair and fraudulent business acts and business

19  practices alleged above.

20         115.    California Business and Professions Code § 17203 provides that the Court may

21  restore to any person in interest any money or property that may have been acquired by means of

22  such unfair competition.  Plaintiff and the Class are entitled to restitution for all wages and

23  payments unlawfully withheld from employees during the four-year period prior to the filing of this

24  Complaint pursuant to California Business and Professions Code § 17203.

25         116.    California Business and Professions Code § 17202 provides: "Notwithstanding

26  Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty,

27  forfeiture, or penal law in a case of unfair competition."  Plaintiff and the Class are entitled to

28

1    enforce all applicable penalty provisions of the California Labor Code pursuant to California

2    Business and Professions Code § 17202.

3        117.    Plaintiff's success in this action will enforce important rights affecting the public

4    interest, and in that regard, Plaintiff sues on behalf of himself as well as others similarly situated.

5        118.    Plaintiff has no adequate remedy at law and therefore seeks equitable relief.  Plaintiff

6    and the Class seek and are entitled to unpaid wages, restitution, any applicable civil penalties,

7    declaratory relief, other injunctive relief that Plaintiff may more precisely specify at a later stage of

8    this litigation, and all other equitable remedies owing to them.

9        119.    Plaintiff herein takes upon himself the enforcement of these laws and lawful claims.

10    There is a financial burden involved in pursuing this action, the action is seeking to vindicate a

11    public right, and it would be contrary to the interests of justice to penalize Plaintiff and the Class by

12    forcing them to pay attorneys' fees from the recovery in this action.  Plaintiff and the Class request

13    an award of attorneys' fees, costs and expenses pursuant to Code of Civil Procedure § 1021.5 and as

14    otherwise permitted by statute. Wherefore, Plaintiff and the Class request relief as hereinafter

15    provided.

16                              **NINTH CAUSE OF ACTION**

17                **Violation of California Private Attorneys General Act ("PAGA")**

18                        **(California Labor Code §§ 2698 *et seq.*)**

19                **(Against all Defendants on behalf of Plaintiff and the Class)**

20        120.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

21    forth herein.

22        121.    Under PAGA, California Labor Code §§ 2698 *et seq.*, any aggrieved employee may

23    bring a representative action as a private attorney general on behalf of the general public, including

24    all other aggrieved employees, to recover civil penalties for their employer's violations of the

25    California Labor Code and IWC Wage Orders.  These civil penalties are in addition to any other

26    relief available under the Labor Code and must be allocated 65% to the State of California and 35%

27    to the aggrieved employees, pursuant to California Labor Code § 2699(m).

28

- 25 -

122.    Pursuant to California Labor Code § 1198, Defendants' employment of Plaintiff and others similarly situated for longer hours than those fixed by IWC Wage Order 9-2001 or under conditions of labor prohibited by IWC Wage Order 9-2001 is unlawful and constitutes a violation of the California Labor Code, actionable under PAGA.  Pursuant to California Labor Code § 1199, it is unlawful for Defendants to have violated, or refused or neglected to have complied with, any other provision of IWC Wage Order 9-2001 as alleged herein.

123.    Plaintiff alleges, on behalf of himself and all similarly situated aggrieved employees in the Class, as well as the general public of the State of California, that Defendants have violated the following provisions of the California Labor Code that are actionable through PAGA, as previously alleged herein:  California Labor Code §§ 201-204, 210, 226, 226.7, 510, 512, 1174, 1194, 1198, and 2802.  Each of these violations entitles Plaintiff, as a private attorney general, to recover the applicable statutory civil penalties on his own behalf and on behalf of all aggrieved employees, and on behalf of the general public, including but not limited to penalties pursuant to California Labor Code §§ 210, 225.5, 226.3, 226.8, 558, 1174.5, 1197.1, 1199, 2802, and subsection 20 of IWC Wage Order 9-2001.

124.    On June 20, 2024, Plaintiff provided notice via online submission to the California Labor and Workforce Development Agency ("LWDA"), and via certified mail to all Defendants. The LWDA has not notified the Plaintiff that it does or does not intend to investigate the alleged violations.  A true and correct copy of Plaintiff's June 20, 2024, submission to the LWDA is attached hereto as Exhibit A and incorporated herein.

125.    Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and IWC Wage Order 9-2001 that are alleged in this Complaint.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff and the Class pray for relief as follows:

1.    For an order certifying this case as a class action, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's attorneys, The Villegas Law Firm, APC; Katz

1  Banks Kumin LLP; and Community Legal Services in East Palo Alto as Class Counsel;

2          2.      For a declaratory judgment that Defendants have violated the California Labor Code,

3  IWC Wage Order 9-2001 and public policy as alleged herein;

4          3.      For a declaratory judgment that Defendants have violated Business and Professions

5  Code §§ 17200, *et seq.*, as a result of the aforementioned violations of the California Labor Code,

6  IWC Wage Order 9-2001, and California public policy protecting workers and prohibiting work

7  without full and proper compensation for work performed, adequate meal and rest periods, and

8  reimbursement for necessary work expenses;

9          4.      For preliminary, permanent and mandatory injunctive relief prohibiting Defendants

10  from committing in the future those violations of law herein alleged;

11          5.      For an order awarding Plaintiff and the Class compensatory and liquidated damages,

12  including lost wages, earnings, and other employee benefits and all other sums of money owed to

13  Plaintiff and the Class, together with interest on these amounts, according to proof;

14          6.      For an equitable accounting to identify, locate and restore to all current and former

15  employees the restitution they are due under California Business and Professions Code §§ 17202-

16  17203, with interest thereon;

17          7.      For an award of restitution, according to proof, under the California Labor Code and

18  under California Business and Professions Code §§ 17200-17205;

19          8.      For an order imposing all statutory and/or civil penalties provided by law, including

20  but not limited to, penalties under California Labor Code §§ 201-203, 225.5, 226(e), 226.3, 226.7,

21  226.8, 558, 1174.5, 1197.1, 1199, 2802, 2699 (a) and (f) and subsection 20 of IWC Wage Order 9-

22  2001, together with interest on these amounts;

23          9.      Pre-judgment and post-judgment interest, as provided by law;

24          10.     For an award of reasonable attorneys' fees as provided by California Labor Code

25  §§ 218.5, 226(e), and 1194; California Code of Civil Procedure § 1021.5; and/or other applicable

26  law;

27          11.     For all costs of suit; and

28

1    12.    For such other and further legal and equitable relief as this Court deems necessary,

2  just and proper.

3

4                                          Respectfully submitted,

5  Dated: January 30, 2025                 **KATZ BANKS KUMIN LLP**

6                                          _____

7                                          Rebecca Peterson-Fisher (State Bar No. 255359)

8                                          235 Montgomery Street, Suite 665
                                           San Francisco, CA 94104

9                                          Tel: (415) 813-3260
                                           Fax: (415) 813-2495

10                                         Email: peterson-fisher@katzbanks.com

11                                         Jessica Westerman (*pro hac vice* application

12                                         *forthcoming*)
                                           11 Dupont Circle, Suite 600

13                                         Washington, D.C. 20036
                                           Tel: (202) 299-1140

14                                         Fax: (202) 299-1148
                                           Email: westerman@katzbanks.com

15

16                                         **THE VILLEGAS LAW FIRM, APC**
                                           Virginia Villegas (State Bar No. 179062)

17                                         1388 Sutter Street, Suite 903
                                           San Francisco, CA 94109

18                                         Tel: (415) 989-8000
                                           Fax: (415-989-8028

19                                         Email: virginia@e-licenciados.com

20

21                                         **COMMUNITY LEGAL SERVICES IN EAST
                                           PALO ALTO**

22                                         Jennifer Smith (State Bar No. 319852)
                                           1861 Bay Road

23                                         East Palo Alto, CA 94303
                                           Tel: (650) 204-9065

24                                         Fax: (866) 688-5204
                                           Email: jsmith@clsepa.org

25
                                           *Counsel for Plaintiff and the Proposed Class*
26

27

28